IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RYLAND DOYLE SCHUSTER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV05-154-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| RANDY BLADES, Warden, I.S.C.I., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action are Petitioner's Motion for Panel Inventory and Review of the Case en Banc (Docket No. 22), Petitioner's Motion to Strike Response to Motion (Docket No. 25), Petitioner's Motion for Consolidated Dispository Motions (Docket No. 32), and Respondent's Motion for Summary Dismissal (Docket No. 26). Having reviewed the pending Motions, the Court has determined that oral argument is unnecessary. After considering the arguments of the parties and reviewing the record in this case, including the state court record, the Court enters the following Order.

**I.**

**BACKGROUND**

On March 15, 2002, in the Third Judicial District Court for the State of Idaho (Payette County), Petitioner pled guilty to one count of rape and one count of sexual abuse of a minor. On September 6, 2002, Petitioner was sentenced to concurrent unified terms of nine years fixed and six years indeterminate.

Memorandum Order 1

Petitioner did not file a direct appeal, but filed a Rule 35 motion for reduction of sentence. He filed a post-conviction application on August 1, 2003. The state district court granted the application and ordered that Petitioner be resentenced. On June 18, 2004, Petitioner was resentenced. He received the same sentence as before from the same judge. Petitioner filed various other motions and petitions in state court but received no relief.

## II.

## PETITIONER'S MOTIONS

Petitioner has filed a Motion for Panel Inventory and Review of the Case, en Banc (Docket No. 22). No factual or legal basis supports this request, and therefore it shall be denied. If Petitioner's case is later dismissed, he can file a request for a certificate of appealability.

Petitioner has also filed a Motion to Strike Response to Motion (Docket No. 25). Petitioner disagrees with Respondent's characterization of his claims and assertions. Such a disagreement is not grounds to strike the Response. Further, it appears that much of Petitioner's disagreement arises from his lack of understanding of the limited nature of federal habeas corpus relief. Because Petitioner has set forth no legitimate basis to strike the Response, Petitioner's Motion shall be denied.

Petitioner has also filed a Motion for Consolidated Dispository Motions (Docket No. 31). He asks the Court to address his previously-filed Motion for Sanctions and Motion to Strike, along with all other pending Motions. Petitioner's Motion for Sanctions and Motion to Strike are without a factual or legal basis and shall be denied. Petitioner's other Motions are addressed herein. To the extent that all of the pending Motions in this case are addressed in this Order, Petitioner's Motion for Consolidated Dispository Motions is moot.

Memorandum Order 2

Petitioner also requests injunctive relief – that the attorney general be prevented from contesting this case on behalf of the State (Docket No. 31). Because Petitioner's request is without factual or legal basis, it shall be denied. For the same reason, Petitioner's request to strike all of the attorney general's pleadings and papers is denied.

### III.

### RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

Respondent asserts that the claims in Petitioner's Amended Petition (Docket No. 21) are subject to dismissal for the following reasons.

Petitioner's first claim is that the "entirety of the State of Idaho's criminal law 'corrective' process has been rendered ineffective (from the beginning of that process to its last appellate end) to protect the applicant's Constitutionally-guaranteed rights." *Amended Petition*, at p. 2 (Docket No. 21-1). Respondent argues that this claim is noncognizable or procedurally defaulted.

Petitioner's second claim is that he "was denied the 'constructive assistance of counsel' altogether, during the entirety of the State process . . . in violation of his rights under the Sixth Amendment." *Amended Petition*, at p. 2. Respondent argues that this claim is procedurally defaulted.

Petitioner's third claim is that the "State's 'plea-bargaining,' presentencing and sentencing laws, procedures and practices as applied to Petitioner, forced him into an 'invidious class distinction' of criminal defendants, and, as such, were deliberately designed and practiced against him, so as to irreparably harm him in pursuit of his rights to the Equal Protection of the laws, and to receive [due process]." *Amended Petition*, at p. 3. As a result, he asserts that he was coerced into

Memorandum Order 3

waiving the right to jury trial at both trial and sentencing stages, violating the Fifth Amendment. *Id*.  Respondent contends that the claim is noncognizable or procedurally defaulted.

Petitioner's fourth claim is that the "State 'fiduciary' agents, actors, officers of the court (including State prosecutors, and hired attorneys for 'defense'), as well as the judiciary, and Attorneys General (now representing Respondent) – all, as 'holders of the public trust' – have each, separately and/or in concert, violated their Constitutionally-mandated Oaths of Office, in the separate and combined mistreatment of Petitioner," thus depriving him of fundamental fairness. *Amended Petition*, at pp. 3-4.  Respondent contends that this claim lacks a federal basis and is also procedurally defaulted.

Finally, Petitioner asserts he is actually innocent. *Amended Petition*, at pp. 3-4.  Respondent argues that a freestanding actual innocence claim is not cognizable in habeas corpus.

**A.     Standard of Law Governing Summary Dismissal**

A federal district court may entertain a habeas corpus petition alleging that the petitioner is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Upon receipt of such a petition, a federal district court is required to review the petition to determine whether it is subject to summary dismissal.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing § 2254 Cases.

**B.     Standard of Law Governing Exhaustion and Procedural Default**

Before a habeas petitioner may present an issue for federal court review, he must first exhaust his state court remedies by "giv[ing] the state courts one full opportunity to resolve any

Memorandum Order 4

constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In Idaho, that means presenting all of one's claims to the Idaho Supreme Court in a procedurally proper manner.

Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on such unexhausted claims.  28 U.S.C. § 2254(b).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion).  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

**C.     Discussion**

    1.     <u>First Claim</u>

Petitioner's first claim is that the "entirety of the State of Idaho's criminal law 'corrective' process has been rendered ineffective (from the beginning of that process to its end) to protect the applicant's Constitutionally-guaranteed rights."  *Amended Petition*, at p. 2 (Docket No. 21-1). Respondent first argues that this claim is noncognizable.  The Court agrees that this claim is not cognizable to the extent that Petitioner is attacking the State's post-conviction process as being ineffective to protect his rights.  There is no constitutional right to a state collateral review process.

*Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).

The Ninth Circuit has instructed the federal district courts to liberally construe pro se pleadings. *See Laws v. Lamarque*, 351 F3d 991, 924 (9th Cir. 2003). The Court previously stated that if it were possible to construe Petitioner's first claim as cognizable, it would do so. At the heart of Petitioner's first claim, and nearly all of his claims, is the sentencing issue arising from the prosecutor's breach of the plea agreement regarding recommendation of a sentence to the trial court.

A prosecutor's breach of a plea agreement is a cognizable federal habeas corpus claim. *Gunn v. Ignacio*, 263 F.3d 965, 971 (9th Cir. 2001). The federal habeas corpus remedy for such a claim is a remand to the state court for resentencing or such other relief as the state court deems appropriate. *Id*. Due process required that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Where an appellate court determines that a *Santobello* violation occurred, "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration." *Id*. at 262-63. Interpreting this recommendation, the Third Circuit observed: "The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced

Memorandum Order 6

by a different judge, or whether, in the view of the state court, the circumstances require granting . . . petitioner . . . the opportunity to withdraw his plea of guilty." *Dunn v. Colleran*, 247 F.3d 450, 461 (3d Cir. 2001) (citing *Santobello*, 404 U.S. at 252-63).

The construction and interpretation of state court plea agreements and the obligations resulting from the agreements are governed by state contract law. *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987); *Davis v. Woodford*, 446 F.3d 957, 962-63 (9th Cir. 2006).

Petitioner's case shows that he was aware of and tried to assert a *Santobello* claim throughout his proceedings, but his claim was ignored. Petitioner's counsel filed a Rule 35 Motion not addressing *Santobello*. In a pro se supplement to his Rule 35 Motion, Petitioner raised the issue of the prosecutor's breach of the plea agreement on the grounds of manifest injustice, fundamental error, and abuse of process under the Idaho and United States Constitutions. *See Exhibits to Petition, Petitioner's Supplement to Rule 35 Motion* (Docket No. 1-1, at p. 18). Petitioner cited to specific state case law and "other state and federal case authority." *Id*. at 23. The state court refused to entertain Petitioner's supplement. The Court's order denied the motion on the grounds raised by Petitioner's counsel and does not mention Petitioner's supplement. *Id*. at 23-28. Thereafter, Petitioner filed a "motion for the court to act on petitioner's pro se motion." *Id*. at p. 30. Petitioner asserts that the state court never ruled upon his motion. *Petitioner's Affidavit* (Docket No. 5-2, at p. 18).

Petitioner again pursued this argument on state post-conviction review. His post-conviction petition was granted on *Santobello* grounds, but he was resentenced by the same judge. Therefore, while the trial court attempted to correct the *Santobello* violation that occurred in the first sentencing, the trial court appears to have committed a second *Santobello* violation at the

Memorandum Order 7

resentencing by not transferring the case to a new judge for resentencing. *See Santobello*, 404 U.S. at 263; *State v. Jones*, 77 P.3d 988, 992 (Idaho Ct. App. 2003) ("we vacate the sentence imposed and remand the case for resentencing before a different judge").

After resentencing, on December 10, 2004, Petitioner filed a "motion for specific performance, for collateral estoppel, and for immediate release from unlawful confinement and for declaratory judgment for defendant." In it, he raised a *Santobello* claim. This motion is not listed on the state district court docket sheet (*State's Exhibit B-1*), although the text of the motion itself appears twice in the state court record. There is no indication that the motion was ever entertained by the state district court, presumably because it was filed pro se when Petitioner had an attorney. *See State's Exhibit A-1*, at p. 212.

After resentencing, Petitioner's attorney filed an appeal, but did not raise the *Santobello* claim on appeal. The Idaho Court of Appeals did not address the *Santobello* issue *sua sponte* and issued its remittitur on January 6, 2006. *See State's Exhibits C-1 through C-11* (Docket Nos. 7 & 27-2).

As to the appeal after resentencing, Petitioner avers:

> Attorney Bob Pangburn has not answered any of my letters, nor have we been able to contact him by phone, or return any phone calls since June of 2004. I did not know that he had filed an appeal in my case until the Idaho Supreme Court mentioned it when it ruled on my petition and pleadings on my case in 2005. I have tried to find out what the appeal is about, but no one will give or sell me a copy and the attorney still won't communicate with me or my wife, I have no knowledge of what exactly is being appeal[led], or the issues that [are] in the appeal, supposedly in my behalf or best interests."

*Declaration of Petitioner*, at p. 2 (Docket No. 21-2).

Memorandum Order 8

While Petitioner's *Santobello* claim arising from his resentencing is clearly procedurally defaulted, the foregoing facts and allegations are enough to warrant an evidentiary hearing on the issue of whether Petitioner can show cause and prejudice to excuse the procedural default. Petitioner may be able to show that *had* he been apprised by his counsel of the appeal, he could have contributed the *Santbello* claim, he could have petitioned the court to have his attorney withdrawn or to file a pro se supplemental brief, or could have taken other measures to protect his rights. *Cf. Custer v. Hill*, 378 F.3d 968 (9th Cir. 2004) (relying on *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997)).

Petitioner had a right to effective assistance of counsel on resentencing and on appeal from resentencing.[1] *See, e.g., Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004) (relying on *Gardner v. Florida*, 430 U.S. 349, 358 (1977) (recognizing that sentencing is a critical stage of the criminal proceeding), and *Penson v. Ohio*, 488 U.S. 75, 88-89 (1988) (holding that the presumption of prejudice must be extended to the denial of counsel on appeal because the appeal is a critical stage of the criminal proceeding)). However, ineffective assistance of counsel cannot serve as cause for the default of another claim unless the ineffective assistance of counsel claim is not itself procedurally defaulted or cause and prejudice for the default of the ineffective assistance claim can be shown. *See Edwards v. Carpenter*, 529 U.S. 446 (2000).

---

[1] Petitioner did not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Consequently, any shortcomings of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default. *See Coleman*, 501 U.S., 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

Memorandum Order 9

In addition, showing an actual conflict of counsel may serve as cause for a procedural default because it is deemed external to Plaintiff. *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (an attorney conflict of interest can be cause when that conflict causes a petitioner to be denied access to habeas proceedings because the attorney interfered with his right to petition).

Further, in *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir. 1994), the court held that counsel was not acting on behalf of the petitioner where counsel filed a habeas corpus petition for the petitioner without the petitioner's knowledge or authorization. Such a situation may be sufficient to be deemed a sufficient cause external to a petitioner. The Court will appoint counsel for Petitioner and hold an evidentiary hearing on the cause issue. It appears that the prejudice prong would be met, as *Santobello* requires that the state court resentence Petitioner using a different judge. That was not done in Petitioner's case. However, assuming Petitioner passes the cause and prejudice threshold to have the Court consider the merits of his *Santobello* claim, and assuming that the *Santobello* claim has merit, Petitioner still needs to overcome the harmless error threshold. *Buckley v. Terhune*, 441 F.3d 688, 697 (9th Cir. 2006) (applying *Brecht* standard to *Santobello* claim).

The Court appoints counsel Sheryl Musgrove to represent Petitioner. Counsel for Petitioner and Respondent shall confer and determine several feasible dates for an evidentiary hearing in the last quarter of 2006, and should contact Courtroom Deputy Carol Vaughn for a hearing date, at 334-9022.

    2.    <u>Second Claim</u>

Petitioner's second claim is that he "was denied the 'constructive assistance of counsel' altogether, during the entirety of the State process. . . in violation of his rights under the Sixth

Amendment."  Respondent argues that this claim is procedurally defaulted, and the Court agrees. *Amended Petition*, at p. 2.  The Court will reserve ruling on whether Petitioner can show cause and prejudice for this claim (as appropriately narrowed to instances where Petitioner had a constitutional right to counsel – not "during the entirety of the State process") until after the evidentiary hearing. The parties may address this claim at the evidentiary hearing and in their briefing if they desire to make arguments on cause and prejudice.

    3.    <u>Third Claim</u>

Petitioner's third claim is that the "State's 'plea-bargaining,' presentencing and sentencing laws, procedures and practices as applied to Petitioner, forced him into an 'invidious class distinction' of criminal defendants, and as such, were deliberately designed and practiced against him, so as to irreparably harm him in pursuit of his rights to the Equal Protection of the laws, and to receive [due process]." *Amended Petition*, at p. 3.

Here, Petitioner challenges state law and procedure as it was applied to him.  The Ninth Circuit has recently held that a claim that state law was applied in contravention to the Fourteenth Amendment is not a cognizable habeas corpus claim. *Little v. Crawford*, – F.3d –, 2006 WL 1549739 (9th Cir. June 8, 2006) ("[Petitioner] cannot establish an equal protection claim warranting habeas relief simply because, or if, the Nevada Supreme Court misapplied Nevada law. . . ."). *See also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

Further, Petitioner's claim is without any factual basis and is subject to summary dismissal. Conclusory allegations will not support an Equal Protection claim in a habeas corpus action; a petitioner must "show some specific at or acts evidencing intentional or purposeful . . .

Memorandum Order 11

discrimination against him." *See Spinkellink v. Wainwright*, 578 F.2d 582, 614 n.40 (5th Cir. 1978).

    4.    <u>Fourth Claim</u>

Petitioner's fourth claim is that the "State 'fiduciary' agents, actors, officers of the court (including State prosecutors, and hired attorneys for 'defense'), as well as the judiciary, and Attorneys General (now representing the State Respondent) – all, as 'holders of the public trust' – have each, separately and/or in concert, violated their Constitutionally-mandated Oaths of Office, in the separate and combined mistreatment of Petitioner," thus depriving him of fundamental fairness. *Amended Petition*, at pp. 3-4.

A breach of a public official's oath of office is not a constitutional deprivation, and is not a cognizable federal habeas corpus claim. *See Hedrick v. Hall*, 2004 WL 792794, at *1 (D. Or. 2004); *Ramos v. Dretke*, 2005 SL 39144 (D. Tex 2005). Therefore, this claim is subject to dismissal for failure to state a claim upon which relief can be granted.

    5.    <u>Actual Innocence Claim</u>

Petitioner also asserts he is actually innocent. *Amended Petition*, at pp. 3-4. Where the defendant pled guilty and did not have the evidence in his case evaluated by a jury, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Jaramillo v. Stewart*, 340 F.3d 877 (9th Cir. 2003) (leaving open the question of whether AEDPA raised the *Schlup* "more likely than not" standard to a "clear and convincing evidence" standard).

In this case, Petitioner's claim of actual innocence is not supported by the evidence in the record. Therefore, this claims is rejected as an excuse for Petitioner's procedural default of his

Memorandum Order 12

claims.  It is also rejected as a free-standing habeas corpus claim.  *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

## IV.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Panel Inventory and Review of the Case, en Banc (Docket No. 22) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Strike Response to Motion (Docket No. 25) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Consolidated Dispository Motions (Docket No. 32) is MOOT.

IT IS FURTHER HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 26) is GRANTED as to Claims 3, 4, and 5, and it is conditionally DENIED as to Claims 1 and 2.

IT IS FURTHER HEREBY ORDERED that Attorney Sheryl Musgrove is appointed CJA counsel for Petitioner.

IT IS FURTHER HEREBY ORDERED that Counsel for Petitioner and Respondent shall confer and determine several feasible dates for an evidentiary hearing in the last quarter of 2006, and should contact Courtroom Deputy Carol Vaughn for a hearing date, at 334-9022.

IT IS FURTHER HEREBY ORDERED that the parties may engage in discovery limited to the issues to be presented at the evidentiary hearing. Counsel for the parties shall confer and determine a deadline for the close of discovery.

DATED: **June 20, 2006**

~~Honor~~able Edward J. Lodge
U. S. District Judge